TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-1004 |
| of | : | |
| | : | April 25, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE PATRICK B. GREENWELL, TUOLOMNE COUNTY COUNSEL, has requested an opinion on the following question:

May a school district require that the parents of pupils who have unexcused absences from school reimburse the district for its reduction in state funding caused by the unexcused absences?

CONCLUSION

A school district may not require that the parents of pupils who have unexcused absences from school reimburse the district for its reduction in state funding caused by the unexcused absences.

ANALYSIS

The Constitution requires the establishment of free public schools throughout the state. (Cal. Const., art. IX, § 5; *Arcadia Unified School Dist.* v. *State Dept. of Education* (1992) 2 Cal.4th 251, 259-265.) The Legislature is required to provide state revenues to the State School Fund, which is then apportioned to the schools. Each apportionment is based upon the "average daily attendance" of the pupils in the school. (Cal. Const., art. IX, § 6; Ed. Code, §§ 14002, 41601, 42238.12; 67 Ops.Cal.Atty.Gen. 393 (1984).) **Footnote No. 1**

The average daily attendance of a pupil is calculated by counting the total number of days school is taught during a fiscal year, less the sum of the pupil's absences. Absences for certain enumerated reasons (e.g., illness) are excused and are not deemed absences for the purpose of computing average daily attendance. (§ 46010.) Unexcused absences, on the other hand, do affect the computation of average daily attendance, and consequently, the amount of money apportioned to a school district by the state.

The question presented for resolution is whether a school district may require the parents of pupils who have unexcused absences to reimburse the district for its reduction in state funding caused by the unexcused absences. We conclude that a district may not so charge the parents. **Footnote No. 2**

In addressing this issue, we first examine whether the Legislature has expressly authorized districts to impose such a charge. (See *Arcadia Unified School Dist.* v. *Dept. of Education*, *supra*, 2 Cal.4th at 260-261.) It is to be noted that "primary authority over public education is vested in the Legislature [citations] . . . ." (*Dawson* v. *East Side Union High School Dist.* (1994) 28 Cal.App.4th 998, 1017.)

Subdivision (a)(1) of section 48904 provides: ". . . the parent or guardian of any minor . . . who willfully cuts, or otherwise injures in any way any property, real or personal, belonging to a school district . . . shall be liable for all damages so caused by the minor. . . ." Does a pupil with unexcused absences cause an "injury" to the "property" of a school district?

In *California Teachers Association* v. *Hayes* (1992) 5 Cal.App.4th 1513, the court concluded that a school district does not have a proprietary right to receive state funding for its programs. The court explained:

"The Legislature, in the exercise of its sweeping authority over education and the school system, has the power to create, abolish, divide, merge, or alter the boundaries of school districts. [Citations.] Indeed, the state is the beneficial owner of school property and local districts hold title as trustee for the state. [Citations.] `School moneys belong to the state, and the apportionment of funds to a school district does not give that district a proprietary right therein.' [Citations.] It follows that the Legislature can transfer property and apportion debts between school districts as it sees fit. [Citations.]" (*Id.*, at p. 1525.)

Since a school district does not possess a proprietary right in the funds apportioned to it based upon the average daily attendance of its pupils, it follows that a reduction in a district's expectations to receive such funds cannot be considered an "injury" to its "property." We believe that section 48904 provides no authority to seek reimbursement from a pupil's parents for any loss in state funds caused by the unexcused absences of the pupil.

We know of no other specific statutory authorization that would allow a school district to charge parents for losses in state funding caused by the unexcused absences of their children. Does a general authority exist for a district to seek reimbursement?

As we noted above, the primary authority over public education is vested in the Legislature. Nevertheless, "the Constitution, and the Legislature itself, have ceded substantial discretionary control to local school districts." (*Dawson* v. *East Side Union High School Dist.*, *supra*, 28 Cal.App.4th at 1017.) In 1972, the Constitution was amended to provide: "The Legislature may authorize the governing boards of all school districts to initiate and carry on any programs, activities, or to otherwise act in any manner which is not in conflict with the laws and purposes for which school districts are established." (Cal. Const., art IX, § 14.) The Legislature implemented this constitutional provision by enacting section 35160:

"On and after January 1, 1976, the governing board of any school district may initiate and carry on any program, activity, or may otherwise act in any manner which is not in conflict with or inconsistent with, or preempted by, any law and which is not in conflict with the purposes for which school districts are established."

Section 35160.1 was subsequently enacted to provide:

"(a) The Legislature finds and declares that school districts, county boards of education, and county superintendents of schools have diverse needs unique to their individual communities and programs. Moreover, in addressing their needs, common as well as unique, school districts, county boards of education, and county superintendents of schools should have the flexibility to create their own unique solutions.

"(b) In enacting Section 35160, it is the intent of the Legislature to give school

districts, county boards of education, and county superintendents of schools broad authority to carry on activities and programs, including the expenditure of funds for programs and activities which, in the determination of the governing board of the school district, the county board of education, or the county superintendent of schools are necessary or desirable in meeting their needs and are not inconsistent with the purposes for which the funds were appropriated. It is the intent of the Legislature that Section 35160 be liberally construed to effect this objective.

"(c) The Legislature further declares that the adoption of this section is a clarification of existing law under Section 35160."

Because of the 1972 constitutional amendment and the enactment of section 35160, school districts are no longer considered to have only limited powers. Rather, an analysis of a school district's authority must consider whether any state law or regulation precludes the district from acting in furtherance of its educational goals. (See *Dawson* v. *East Side Union High School Dist.*, *supra*, 28 Cal.App.4th at 1017-1019; *Howard Jarvis Taxpayers Assn.* v. *Whittier Union High School Dist.* (1993) 15 Cal.App.4th 730, 734-735; *California School Employees Assn.* v. *Del Norte County Unified Sch. Dist.* (1992) 2 Cal.App.4th 1396, 1404; 76 Ops.Cal.Atty.Gen. 46, 47-51 (1993); 71 Ops.Cal.Atty.Gen. 266, 269 (1988); 69 Ops.Cal.Atty.Gen. 84, 86-87.)

Requiring parents to reimburse a school district for losses in state funding caused by their children's unexcused absences would undoubtedly promote school attendance and provide funds for a district's educational programs. The question remains, however, whether the method chosen to advance these educational objectives contravenes state law.

In *Choice-in-Education League* v. *Los Angeles Unified School Dist.* (1993) 17 Cal.App.4th 415, 424, the court observed that administrative regulations of the State Board of Education control the discretionary authority of local school boards, notwithstanding the grant of authority contained in section 35160: "Education Code section 35160 does not evidence an intent to repeal existing regulations of the State Board of Education, nor to deprive the state board of its power to promulgate binding regulations. [Citation.]"

Section 350 of title 5 of the California Code of Regulations ("Regulation 350") provides: "A pupil enrolled in a school shall not be required to pay any fee, deposit, or other charge not specifically authorized by law." May a school district avoid this administrative prohibition by charging the parents of pupils rather than the pupils themselves? We think not. Administrative regulations are to be interpreted similarly to statutes. (*Industrial Indemnity Co.* v. *City and County of San Francisco* (1990) 218 Cal.App.3d 999, 1008 ["Generally, the same rules of construction and interpretation that apply to statutes govern the construction and interpretation of an administrative agency's rules and regulations"].) Accordingly, we must give Regulation 350 "a practical construction" (*California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1147), considering "the consequences that will flow from a particular interpretation" (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1165). Here, Regulation 350 would be rendered virtually meaningless if we were to limit its prohibitory language to charges imposed upon pupils and allowing the imposition of charges upon the parents of pupils.

Requiring parents to reimburse a district for a reduction in state funds would amount to a "charge" being imposed upon the parents. Under Regulation 350, a charge must be "specifically authorized by law" in order to be valid. (See *Arcadia Unified School Dist.* v. *State Dept. of Education*, *supra*, 2 Cal.4th at 260, fn. 7; *Hartzell* v. *Connell* (1984) 35 Cal.3d 899.) As discussed above, we have found no specific authorization for a charge to be imposed in the described circumstances. The general authority contained in section 35160 does not repeal Regulation 350.

We conclude that a school district may not require that the parents of pupils who have unexcused absences from school reimburse the district for the loss of its state funds caused by the unexcused

absences.

* * * * *

**Footnote No. 1**
All section references are to the Education Code unless otherwise specified.
**Footnote No. 2**
Nothing in this opinion affects the responsibility of a parent for a minor's truancy, which may result in the imposition of a fine. (§ 48293.)